**Arcade COMEAUX, Appellant,**

v.

**TEXAS DEPARTMENT OF CRIMINAL JUSTICE, Appellee.**

No. 01–04–01184–CV.

Court of Appeals of Texas, Houston (1st Dist.).

March 2, 2006.

Rehearing Overruled May 10, 2006.

---

Arcade Comeaux, Huntsville, TX, pro se.

Julia Hamill Murray, Assistant Attorney General, Austin, TX, for Appellee.

Panel consists of Justices NUCHIA, KEYES, and HANKS.

## OPINION

EVELYN V. KEYES, Justice.

Appellant, Arcade Comeaux, a prison inmate, appeals pro se and in forma pauperis from the dismissal of his claims against the Texas Department of Criminal Justice (TDCJ). In five issues on appeal, appellant contends that the trial court erred by: (1) considering and dismissing his claims under Chapter 14 of the Texas Civil Practice and Remedies Code (Chapter 14); (2) assessing costs against him pursuant to Chapter 14; (3) denying him access to a fair and impartial trier of fact; (4) dismissing his claims without a hearing; and (5) failing to hold a hearing on his motion for reinstatement. *See* TEX. CIV. PRAC. & REM. CODE ANN. ch. 14, §§ 14.001–14.010 (Vernon 2002) (enumerating statutory provisions that apply to inmate litigation).

We affirm.

## BACKGROUND[1]

Following a prison disciplinary proceeding on January 3, 2003, appellant was found liable for destroying property.[2] Acting within the TDCJ grievance system, appellant sought administrative review of the decision entered against him. It appears that he exhausted his administrative remedies on or about April 22, 2003. Pursuant to section 500.002 of the Texas Government Code, appellant then sought judicial review of the decision. *See* TEX. GOV'T CODE ANN. § 500.002 (Vernon 2004) (providing inmates with a right of judicial review of TDCJ disciplinary proceedings against them for destruction of property).

The clerk's record indicates that appellant's petition for judicial review, which was not accompanied by a written decision from the TDCJ grievance system,[3] was filed on July 22, 2004.[4] On the same day,

---

1. The record in this case is almost exclusively comprised of appellant's petitions, motions, and correspondence.

2. It appears that appellant was charged with damaging some cafeteria food trays when a diaper he was attempting to dispose of opened up and deposited feces on the trays. Appellant's brief indicates that he is "double incontinent" and confined to a wheel chair.

3. Appellant's petition includes a case report from the disciplinary proceeding, but no written documentation demonstrating that appellant pursued his claim through the TDCJ grievance system.

4. Appellant contends that he delivered his petition to the prison mailroom on April 24, 2003 and alleges that TDCJ staff interfered with its mailing. Correspondence in the record indicates that appellant did write the Walker County district clerk several times be-

the trial court ordered the attorney general to review the pleadings, affidavits, unsworn declarations, and exhibits for compliance with Chapter 14—which governs litigation by an inmate—and to file as amicus curiae a motion as to whether appellant had satisfied the chapter's procedural requirements. The trial court also assessed filing fee costs against appellant pursuant to Chapter 14. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 14.006 (Vernon 2002).

The trial court's reference to Chapter 14 in its July 22 orders led appellant to file a "Motion for Correction of a Filing Error." Appellant's motion contends that his petition for judicial review is governed only by provisions in the Texas Government Code, particularly sections 500.002 and 501.008. *See* TEX. GOV'T CODE ANN. §§ 500.002, 501.008 (Vernon 2004). In appellant's view, Chapter 14 applies only to civil suits, which do not include petitions seeking judicial review of TDCJ disciplinary decisions finding inmates liable for the destruction of property. Therefore, appellant argues that the statutory provisions contained in Chapter 14 do not apply to his claim.[5]

On August 11, 2004, the attorney general submitted his amicus curiae motion pursuant to the trial court's July 22 order. The attorney general's motion states that appellant's claim should be dismissed for failure to comply with various requirements enumerated in Chapter 14. One week later, appellant filed a response to the attorney general's motion, again contending that Chapter 14 did not apply to his petition for judicial review. After examining the pleadings, the trial court dismissed appellant's claim on September 2, 2004. The order of dismissal states that "the petition filed by the plaintiff is frivo-lous and not in compliance with the requirements set forth in Texas Civil Practices and Remedies Code, Chapter 14." Appellant timely appealed.

## DISCUSSION

### *Standard of Review*

A trial court's use of Chapter 14 to dismiss a claim by an inmate is reviewed under an abuse of discretion standard. *Hickman v. Adams,* 35 S.W.3d 120, 123 (Tex.App.-Houston [14th Dist.] 2000, no pet.). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to guiding rules or principles. *See Garcia v. Martinez,* 988 S.W.2d 219, 222 (Tex.1999). When reviewing matters committed to the trial court's discretion, we may not substitute our own judgment for that of the trial court. *Walker v. Packer,* 827 S.W.2d 833, 839 (Tex.1992). If determination of an issue requires interpretation of a statute, we apply de novo review. *Bragg v. Edwards Aquifer Auth.,* 71 S.W.3d 729, 734 (Tex. 2002).

### *Appellant's Claims*

Although he raises five issues on appeal, appellant's claims effectively depend on whether the trial court erred in determining that appellant's petition for judicial review was a suit subject to the provisions of Chapter 14 of the Civil Practice and Remedies Code. If Chapter 14 applies, the court did not err in dismissing appellant's claims or in assessing costs against appellant. *See* TEX. CIV. PRAC. & REM.CODE ANN. §§ 14.005, 14.006 (Vernon 2002). Appellant argues that his petition should be governed solely by sections 500.002 and 501.008 of the Government Code, and not by Chapter 14.

---

tween June 2003 and June 2004 inquiring as to the status of his petition.

5. The record does not indicate that the trial court ruled on appellant's motion.

Section 500.002 of the Government Code states that TDCJ inmates may be held liable for destroying property belonging to the State provided that they first receive a hearing. *See* TEX. GOV'T CODE ANN. § 500.002.[6] If an inmate is found liable for destroying property, section 500.002(d) provides:

An inmate, after exhausting all remedies provided by the grievance system developed under Section 501.008, may appeal a final decision under this section by filing a petition for judicial review in a district court having jurisdiction in the county in which the alleged damages occurred ... Appeals may be taken from the district court as in other civil cases.

*See* TEX. GOV'T CODE ANN. § 500.002.

Section 501.008 provides, inter alia, that the TDCJ must develop and maintain a system for the resolution of grievances by inmates housed in TDCJ facilities and that an inmate may not file a claim in state court regarding operative facts for which the grievance system provides the exclusive remedy until the inmate has received a written decision by the highest authority provided for in the grievance system. *See* TEX. GOV'T CODE ANN. § 501.008 (Vernon 2004). Appellant argues that: (1) he was found liable for destroying state property; (2) he exhausted all the administrative remedies available to him under section 501.008; and (3) he is therefore entitled to have the district court review the administrative decision against him without satisfying any of the procedural requirements contained in Chapter 14.

Chapter 14 of the Civil Practice and Remedies Code was enacted to control the flood of frivolous lawsuits filed in Texas courts by prison inmates. *McCollum v. Mt. Ararat Baptist Church, Inc.* 980 S.W.2d 535, 537 (Tex.App.-Houston [14th Dist.] 1998, no pet.). Chapter 14 seeks to deter frivolous lawsuits by requiring indigent inmates, among other things: (1) to exhaust all TDCJ administrative remedies before filing suit; (2) to file an affidavit or unsworn declaration stating the date the grievance was filed and the date the written grievance decision was received by the inmate; and (3) to file a copy of the written decision from the grievance system. *See* TEX. CIV. PROC. & REM.CODE ANN. §§ 14.003–14.006 (Vernon 2002). Section 14.003 allows a trial court to dismiss an inmate's claim as frivolous if the court determines the claim's chances of success are slight or that it has no arguable basis in law or in fact. *Id.* § 14.003.

Relying on section 14.002, appellant argues that Chapter 14 does not apply to his claim. According to section 14.002, Chapter 14 "applies only to a suit brought by an inmate." *Id.* § 14.002(a). Appellant contends that he is appealing an adverse administrative decision, not bringing a suit, and thus Chapter 14 is inapposite.

We disagree. Section 14.005 places certain procedural requirements on any inmate filing a claim "subject to the grievance system established under Section 501.008 [of the] Government Code." *Id.* § 14.005. Claims for judicial review under Government Code section 500.002, by the section's plain language, are subject to section 501.008 of the Code, thus bringing section 500.002 under the ambit of section 14.005 of the Civil Practice and Remedies Code. Moreover, the word "suit," as used in a legal context, refers to "any proceeding by a party or parties against another in a court of law."[7] Here, we have a

---

6. Damages may be awarded to the TDCJ in an amount that does not exceed the value of the property damaged. *See* TEX. GOV'T CODE ANN. § 500.002(b) (Vernon 2004).

7. BLACK'S LAW DICTIONARY 1448 (7th ed.1999);

proceeding by appellant against the TDCJ and in a court of law. Finally, we note that appellant's reliance on *Retzlaff* is misguided. *See Retzlaff v. Texas Dept. of Crim. Justice,* 94 S.W.3d 650 (Tex.App.-Houston [14th Dist.] 2002, pet. denied). Appellant is correct in asserting that *Retzlaff* holds that an "inmate charged in a disciplinary proceeding with destruction of property is entitled to judicial review provided he has exhausted his administrative remedies." *Id.* at 653. We do not, however, read *Retzlaff* to hold that section 500.002 claims need not comply with Chapter 14. Indeed, in evaluating Retzlaff's claim, the court applied a standard of review specifically enumerated in section 14.003 of Chapter 14. We hold that an appeal of a final administrative decision of the TDCJ under section 500.002 of the Government Code is subject to the requirements of Chapter 14 of the Civil Practice and Remedies Code.

Chapter 14, section 14.005, requires that an inmate appealing a decision from the TDCJ administrative system file a copy of the written decision in the trial court. TEX. CIV. PRAC. & REM.CODE ANN. § 14.005. Here, the record does not contain a written decision from the TDCJ grievance system. Consequently, because Chapter 14 applies to appellant's action, the trial court acted well within its discretion in dismissing appellant's claims for failure to comply with Chapter 14's procedural prerequisites. *See id.* § 14.05. Because we conclude that the trial court did not err in construing appellant's petition for judicial review to be a lawsuit subject to Chapter 14's procedural requirements, we hold that the court acted within its discretion when it dismissed appellant's claims and assessed costs against appellant for failure to comply with Chapter 14. Consequently, we need not consider appellant's remaining issues.[8]

## CONCLUSION

We affirm the judgment of the trial court.

---

*see also Ex parte Rieck,* 144 S.W.3d 510, 513 (Tex.Crim.App.2004) (stating that the word "lawsuit" can refer broadly to civil and criminal actions).

**8.** Appellant notes, correctly, that the final paragraph of the order dismissing his claim incorrectly names the unidentified persons Johnson, Otto, Austin, and Thompson as defendants, rather than naming the TDCJ. We note, however, that the caption of the order is correct, naming appellant as plaintiff and the TDCJ as defendant, and the order itself states that "any other relief not granted expressly herein is denied." Therefore, we hold that, under the circumstances presented, the order is sufficient to sustain the dismissal of appellant's claims.