Opinion filed June 23,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00325-CV

                                                    __________

 

                          PHILIP
FRANKLIN YOUNG III, Appellant

 

                                                             V.

 

                   COMMUNITY
CHURCH OF P.K. LAKE, Appellee



 

                                    On
Appeal from the 29th District Court

 

                                                         Palo
Pinto County, Texas

 

                                                    Trial
Court Cause No. C43746

 



 

M
E M O R A N D U M    O P I N I O N

            This
is an appeal from an order dismissing an inmate’s pro se civil action.  Philip
Franklin Young III challenges the dismissal in four issues.  We affirm.

Background
Facts

            Philip
Franklin Young III is an inmate confined in the Institutional Division of the
Texas Department of Criminal Justice.  He filed suit against the Community
Church of P.K. Lake on July 14, 2010, alleging a claim for damages for loss of
documents that he purportedly left with the church’s pastor for safekeeping.[1] 
The trial court subsequently entered a sua sponte order on September 8, 2010,
dismissing appellant’s claims under Tex.
Civ. Prac. & Rem. Code Ann. ch. 14 (Vernon 2002).  The court
made the following findings in its order:

            1.  the
Plaintiff has not satisfied the requirements of the Texas Civil Practice and Remedies Code §  14.004;

 

            2.  the
Plaintiff’s claims are frivolous because the realistic chance of ultimate
success is slight;

 

            3.  the
Plaintiff’s claims are frivolous because the claims have no arguable basis in
law or in fact;

 

            4.  the
Plaintiff’s allegation of poverty in the unsworn declaration appears to be
false because it does not reflect sources of income and cash in banks
referenced in Plaintiff’s exhibits.

 

The order concluded with the following
statement:  “It is further ordered that the clerk of the court send a copy of
this order to the Texas Department of Criminal Justice to advise it that a
mental health evaluation of Philip Franklin Young III (TDCJ ID #1077687) may be
appropriate.”

Analysis

Chapter 14 of the Texas Civil Practice and Remedies Code applies to lawsuits filed by
an inmate in district court where the inmate files an affidavit or unsworn
declaration of an inability to pay costs.  See Section 14.002(a).  The
legislature enacted Chapter 14 to control the flood of frivolous lawsuits being
filed in Texas courts by prison inmates because these suits consume many
valuable judicial resources with little offsetting benefits. Bishop v.
Lawson, 131 S.W.3d 571, 574 (Tex. App.—Fort Worth 2004, pet. denied); Thomas
v. Knight, 52 S.W.3d 292, 294 (Tex. App.—Corpus Christi 2001, pet.
denied).  Chapter 14 sets forth procedural requirements an inmate must satisfy
as a prerequisite to filing suit.  Sections 14.002, 14.004-.006; see also
Lilly v. Northrep, 100 S.W.3d 335, 336 (Tex. App.—San Antonio 2002, pet.
denied). Even if an inmate satisfies the necessary filing requirements,
however, the trial court may dismiss an inmate’s claim if it finds the claim to
be frivolous or malicious.  Section 14.003; Comeaux v. Tex. Dep’t of
Criminal Justice, 193 S.W.3d 83, 86 (Tex. App.—Houston [1st Dist.] 2006,
pet. denied).  A claim is frivolous or malicious if it has no basis in law or
fact or if its realistic chance of ultimate success is slight.  Section
14.003(b)(1)-(2).

We generally review a trial court’s dismissal of an inmate’s suit under Chapter 14 for
abuse of discretion.  See Wilson v. TDCJ-ID, 268 S.W.3d 756, 758 (Tex. App.—Waco
2008, no pet.); Bishop, 131 S.W.3d at 574; Thompson v. Tex. Dep’t of
Criminal Justice – Institutional Div., 33 S.W.3d 412, 414 (Tex. App.—Houston
[1st Dist.] 2000, pet. denied).  A trial court abuses its discretion if it acts
in an arbitrary or unreasonable manner without reference to any guiding rules
or principles.  Garcia v. Martinez, 988 S.W.2d 219, 222 (Tex. 1999).  When
reviewing matters committed to the trial court’s discretion, we may not
substitute our own judgment for that of the trial court.  Walker v. Packer,
827 S.W.2d 833, 839 (Tex. 1992).  

Prior
to addressing appellant’s specific issues, we note that he has not challenged
the trial court’s determination that he failed to file an affidavit or unsworn
declaration pertaining to previous filings required by Section 14.004.  Additionally, appellant does
not challenge the trial court’s determination that his claims are frivolous. 
These findings serve as independent grounds for sustaining the trial court’s
judgment.   An appellant must attack all independent bases or grounds that
fully support a complained-of ruling or judgment. Britton v. Tex. Dept’t of
Criminal Justice, 95 S.W.3d 676, 681 (Tex. App.—Houston [1st Dist.] 2002,
no pet.).  If an independent ground fully supports the complained-of ruling or
judgment, but the appellant assigns no error to that independent ground, we
must accept the validity of that unchallenged independent ground; thus, any
error in the grounds challenged on appeal is harmless because the unchallenged
independent ground fully supports the complained-of ruling or judgment.  Britton,
95 S.W.3d at 681.  

Appellant
asserts in his first and third issues that the trial court erred in prematurely
dismissing his suit.  He contends that the dismissal was premature because the
trial court did not appoint an attorney to represent him and that the court
acted “without consideration of an evaluation of [appellant’s] mental health.” 
We first note that the trial court may dismiss a claim before service of
process under Chapter 14 for noncompliance.  Section 14.003.  We further note
that appellant wrote a letter to the court coordinator on the day prior to the
entry of the order of dismissal requesting information as to when his various
motions would be considered by the trial court.  He also requested a trial setting
in this letter. 

Texas
has statutorily provided for appointed counsel in juvenile delinquency cases,
in parental termination cases, and in cases in which application for
court-ordered mental health services has been made.  See Tex. Fam. Code Ann. §§ 51.10, 107.013
(Vernon 2008) and Tex. Health &
Safety Code Ann. § 574.003 (Vernon 2010).  However, the Texas Supreme
Court has “never held that a civil litigant must be represented by counsel in
order for a court to carry on its essential, constitutional function.”  Gibson v. Tolbert, 102 S.W.3d 710, 712 (Tex. 2003).  A district judge may appoint counsel for an indigent party in a civil case in exceptional
instances in which the public interests at stake may be such that the proper
administration of justice may be best served by the appointment of counsel.  See
Tex. Gov’t Code Ann. § 24.016
(Vernon 2004); Travelers Indem. Co. of Conn. v. Mayfield, 923 S.W.2d
590, 594 (Tex. 1996).   This suit is not of such exceptional character as to
require the appointment of counsel, nor has appellant demonstrated that the
public and private interests at stake here are such as to require the appointment
of counsel.  See Gibson, 102 S.W.3d at 713.  Accordingly, the trial
court did not abuse its discretion by dismissing appellant’s case without
appointing counsel for him.

With
respect to appellant’s contention that the trial court did not consider his
mental health status prior to dismissing the case, the order of dismissal
itself reflects that the trial court did in fact take this matter into
consideration prior to entering the order of dismissal.  Appellant’s first and
third issues are overruled.

In
his second issue, appellant asserts that the trial court erred in determining
that his allegation of poverty appeared to be false based upon documents
appellant subsequently filed in the case.  In this regard, appellant attached a
letter indicating that he had as much as $13,000 in bank accounts as recently
as June 2008.  Accordingly, the trial court had a basis for making its
determination.  Moreover, any error made by the trial court regarding
appellant’s financial status is rendered harmless under the authority of Britton
as a result of appellant’s failure to challenge all the grounds relied upon
by the trial court in dismissing his case.  Appellant’s second issue is
overruled.

Appellant
asserts in his fourth issue that the trial court erred in dismissing his case
without referring the matter to alternative dispute resolution.  We disagree.  Tex. Civ. Prac. & Rem. Code Ann. § 154.021
(Vernon 2011) provides that “[a] court may, on its own motion or
the motion of a party, refer a pending dispute for resolution by an alternative
dispute resolution procedure” (emphasis added).  By its express terms, this
statute vests a court with discretion in determining whether or not to refer a
case to alternative dispute resolution.  Given the failure of the pleadings to
comply with the requirements of Chapter 14, the record does not demonstrate a clear abuse of discretion by the trial court in not referring the case
to alternative dispute resolution.  See Downey v. Gregory, 757 S.W.2d 524, 525-26 (Tex. App.—Houston [1st Dist.] 1988, orig. proceeding). 
Appellant’s fourth issue is overruled.

Pending Motions

Appellee
Community Church of P.K. Lake’s Motion to Dismiss Pursuant to Tex. R. App. P. 42.3 is overruled,
and Appellant’s Pro Se Counter-Motion to Dismiss Appellee’s Motion to Dismiss
is dismissed as moot.

This
Court’s Ruling

             The
judgment of the trial court is affirmed.

 

 

                                                                                                PER
CURIAM

 

June 23, 2011

Panel[2]
consists of:  Wright, C.J.,

McCall, J., and Hill, J.[3]

 

 









                [1]Soon
after filing suit, appellant filed a motion to recuse the sitting district
judge, Hon. Jerry D. Ray, on the basis that Judge Ray served as the prosecutor
in some of his criminal cases.  Judge Ray voluntarily recused himself from the
case.  Hon. Jeff Walker, Judge of the 96th District Court and Presiding Judge
of the Eighth Administrative Judicial Region, appointed himself as the trial judge
in the underlying suit.  





[2]Rick Strange, Justice, resigned effective April 17,
2011.  The justice position is vacant pending appointment of a successor by the
governor.





 

[3]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth, sitting by assignment.