**Opinion filed August 18, 2011**



# In The

# Eleventh Court of Appeals

_____

## No. 11-11-00009-CV

_____

## KELLEY A. McFARLAND, Appellant

## V.

## WARDEN GROUNDS ET AL., Appellees

**On Appeal from the 52nd District Court**

**Coryell County, Texas**

**Trial Court Cause No. COT-08-38655**

## M E M O R A N D U M   O P I N I O N

This is an appeal from an order dismissing an inmate's pro se civil action. We affirm.

*Background Facts*

Kelley A. McFarland is an inmate confined in the Institutional Division of the Texas Department of Criminal Justice. He filed suit against "Warden Grounds," "Officer T. Johnson," "Officer Schook," and "Officer Moreno" alleging "excessive use of force and an assault and battery" as a result of a physical altercation occurring at the Alfred Hughes Unit in Gatesville. On behalf of the defendants, the Texas Attorney General's Office filed a motion to dismiss the action under Chapter 14 of the Texas Civil Practices and Remedies Code. Specifically,

defendants asserted that appellant did not timely file suit within thirty-one days after receiving a written decision from the administrative grievance system as required by TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(b) (Vernon 2002). In this regard, appellant's "Step 2 Grievance" was decided on October 28, 2008. However, the underlying suit was not filed until December 17, 2008.

Appellant filed a written response to the motion to dismiss. He stated in the response that he made four attempts to file his petition with the first attempt being mailed on or about November 17, 2008. Appellant stated that the initial attempt was returned because he did not send the required "grievance" with it. He additionally alleged that he mailed his petition a second time on or about November 21, 2008, but that "the [trial] court sent the complaint back with the required documents." Appellant asserted that he mailed the third attempt on December 5, 2008, and that the trial court sent it back to him again. He asserted that he mailed his fourth attempt on December 8, 2008, and that it was accepted for filing on December 17, 2008.

The trial court conducted a hearing on the motion to dismiss. Appellant participated in the hearing by telephone. After the hearing concluded, the trial court entered an order of dismissal finding that appellant had failed to comply with Section 14.005. The trial court additionally determined that appellant's claims have no arguable basis in law or fact.

*Analysis*

Chapter 14 of the Texas Civil Practice and Remedies Code applies to lawsuits filed by an inmate in a district court, county court, justice of the peace court, or small claims court where the inmate files an affidavit or unsworn declaration of an inability to pay costs. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(a) (Vernon 2002). The legislature enacted Chapter 14 to control the flood of frivolous lawsuits being filed in Texas courts by prison inmates because these suits consume many valuable judicial resources with little offsetting benefits. *Bishop v. Lawson*, 131 S.W.3d 571, 574 (Tex. App.—Fort Worth 2004, pet. denied); *Thomas v. Knight*, 52 S.W.3d 292, 294 (Tex. App.—Corpus Christi 2001, pet. denied). Chapter 14 sets forth procedural requirements an inmate must satisfy as a prerequisite to filing suit. TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.002, 14.004-.006 (Vernon 2002); *see also Lilly v. Northrep*, 100 S.W.3d 335, 336 (Tex. App.—San Antonio 2002, pet. denied). Even if an inmate satisfies the necessary filing requirements, however, the trial court may dismiss an inmate's claim if it finds the claim to be

frivolous or malicious. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003 (Vernon 2002); *Comeaux v. Tex. Dep't of Criminal Justice*, 193 S.W.3d 83, 86 (Tex. App.—Houston [1st Dist.] 2006, pet. denied). A claim is frivolous or malicious if it has no basis in law or fact or if its realistic chance of ultimate success is slight. Section 14.003(b)(1)-(2).

We generally review a trial court's dismissal of an inmate's suit under Chapter 14 for abuse of discretion. *See Wilson v. TDCJ-ID*, 268 S.W.3d 756, 758 (Tex. App.—Waco 2008, no pet.); *Bishop*, 131 S.W.3d at 574; *Thompson v. Tex. Dep't of Criminal Justice-Inst. Div.*, 33 S.W.3d 412, 414 (Tex. App.—Houston [1st Dist.] 2000, pet. denied). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to guiding rules or principles. *Garcia v. Martinez*, 988 S.W.2d 219, 222 (Tex. 1999). When reviewing matters committed to the trial court's discretion, we may not substitute our own judgment for that of the trial court. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992).

Section 14.005(b) provides that "[a] court shall dismiss a claim if the inmate fails to file the claim before the 31st day after the date the inmate receives the written decision from the grievance system." A suit that is not timely filed pursuant to Section 14.005(b) is barred and may be dismissed with prejudice. *Moreland v. Johnson*, 95 S.W.3d 392, 395 (Tex. App.—Houston [1st Dist.] 2002, no pet.). Appellant offered the following argument at the hearing:

> Your Honor, I did try to comply to the best of my ability. I was in solitary at the time when I filed, and I filed my first -- the original complaint on November 17th, '08. It was sent back with Chapter 14 to comply. At that time, I did not send the grievance. Again, I filed the whole complaint with the required documents on 11/21/08. It was sent back with the same Chapter 14 stating I did not file the required documents. Again, I sent it again on 12/5/08. The Court sent it back again. Now I mailed it again with the three -- three remaining documents on 12/10/08, and it was finally on the fourth time sent back dated and stamped and received 12/17/08. At that time, when I first filed it, I was in solitary. And then I came out to -- TDC went on one of their annual lockdowns. I had problems, but I did comply to the best of my ability as far as the 31 days go as far as filing this thing.

We acknowledge the holding in *Warner v. Glass*, 135 S.W.3d 681, 682 (Tex. 2004), that a pro se inmate's civil petition that is placed in a properly addressed and stamped envelope is deemed filed at the time the prison authorities receive the document for mailing. This holding is of no benefit to appellant, however, because his fourth petition was mailed more than thirty-one days after he received the written decision from the grievance system.

Appellant is essentially seeking to relate the filing date of his petition back to dates when he mailed petitions that he admits did not comply with the statutory prerequisites for filing a proceeding under Chapter 14. He has not cited any authority that supports this proposition. In the absence of conflicting authority, we conclude that the trial court did not abuse its discretion in determining that appellant did not file his petition within thirty-one days after he received the written decision from the grievance system. Compliance with the procedural requirements of Chapter 14 is mandatory for an inmate attempting to proceed without paying costs. In this regard, the trial court is authorized to dismiss a claim under Chapter 14 for noncompliance before service of process has even occurred. Section 14.003. Furthermore, the appellate record does not contain any of appellant's previous filings or correspondence from the district clerk or the trial court pertaining to his previous filings. Thus, the record does not support a determination that the trial court abused its discretion.

Appellant's issues on appeal are overruled. We do not need to address the trial court's determination that appellant's claims have no arguable basis in law or fact in light of our ruling that the trial court did not abuse its discretion in dismissing his claims under Section 14.005(b) for being untimely filed.

*This Court's Ruling*

The judgment of the trial court is affirmed.

PER CURIAM

August 18, 2011

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.

4