NO. 07-11-0371-CV
 
 IN THE COURT OF APPEALS
 
 FOR THE SEVENTH DISTRICT OF TEXAS
 
 AT AMARILLO
 
 PANEL E
 
 MAY 3, 2012
 _____________________________
 
 EDDIE ALAN NUNNELLEY, JR.,
 
 Appellant
 v.
 
BRAD LIVINGSTON, OR HIS SUCCESSOR, OFFICE OF THE EXECUTIVE DIRECTOR, TDCJ, ET AL.,
 
 Appellees
 _____________________________
 
 FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;
 
 NO. 99572-C; HONORABLE ANA ESTEVEZ, PRESIDING
 _____________________________
 
 Memorandum Opinion
 _____________________________
 
Before QUINN, C.J., CAMBPELL, J., and BOYD, S.J.
 Eddie Alan Nunnelley, Jr. (Nunnelley) appeals the trial court's order dismissing his lawsuit as frivolous under Chapter 14 of the Texas Civil Practice and Remedies Code. We affirm.
 

Background
 According to the limited record before us, Nunnelley is an inmate within the Texas prison system and sued Brad Livingston in his alleged capacity as executive director of the Texas Department of Criminal Justice. The suit was founded upon a purported contract wherein Livingston agreed to pay Nunnelley over two million dollars. That supposed debt consisted of the supposed monetary value of "work time" or "good time" Nunnelley accrued while in prison as well as the cost for the "wrongful storage of `warehouse goods' over 100% of debt." Livingston allegedly failed to reply to or otherwise dispute Nunnelley's demand for payment of the sum. His silence, Nunnelley contended, gave rise to the aforementioned contract between the two. An agreed statement of facts under Texas Rule of Civil Procedure 263 also purportedly arose from Livingston's silence. And, it was this contract and agreed statement of facts which Nunnelley sought to enforce via suit against Livingston.
 Issue was joined when Livingston filed his answer to Nunnelley's "Petition for Consent Judgment." Livingston also moved to dismiss the suit as frivolous under chapter 14 of the Texas Civil Practice and Remedies Code. Tex. Civ. Prac. & Rem. Code Ann. §14.003(a)(2) (West 2002). The trial court granted the motion, deemed the suit frivolous and dismissed it with prejudice.
 Authority
 A trial court may dismiss an inmate's suit if it finds the claim to be frivolous. Tex. Civ. Prac. & Rem.Code Ann. §14.003; Comeaux v. Tex. Dep't of Criminal Justice, 193 S.W.3d 83, 86 (Tex. App. - Houston [1st Dist.] 2006, pet. denied). A claim is frivolous if it has no basis in law or fact. Id. Furthermore, we review the decision to dismiss a suit as frivolous under the standard of abuse of discretion. Hamilton v. Williams, 298 S.W.3d 334, 339 (Tex. App. - Fort Worth 2009, pet. denied); Bishop v. Lawson, 131 S.W.3d 571, 574 (Tex. App. - Fort Worth 2004, pet. denied). Finally, when an inmate's suit is so dismissed without the trial court convening an evidentiary hearing upon the claim (as here), our review focuses on whether the inmate's lawsuit has any arguable basis in law. Tex. Civ. Prac. & Rem. Code Ann. §14.003; Scott v. Gallagher, 209 S.W.3d 262, 266 (Tex. App. - Houston [1st Dist.] 2006, no pet.).
 Discussion
 Here, Nunnelley cites us to no authority suggesting, much less establishing, that an inmate is entitled to payment for "work time" or "good time" accrued while in prison. Nor did our own research uncover any such authority.
 Nunnelley cites us to no authority in any way suggesting or from which one could logically extrapolate that the failure to contest an inmate's unilateral demand for monetary sums allegedly due him for "work time" or "good time" results in a contract to pay those sums. Nor did our own research uncover any such authority. Indeed, contracts are consensual in nature and require the acquiesence of all parties to it. Solis v. Evins, 951 S.W.2d 44, 49 (Tex. App. - Corpus Christi 1997, no writ). They do not arise simply when one person opts to ignore the protestations of another person. 
 Nor does Nunnelley cite us to authority suggesting or from which one could logically extrapolate that the failure to contest an inmate's unilateral demand for monetary sums allegedly due creates an agreed statement of facts upon which judgment can be rendered under Texas Rule of Civil Procedure 263. Nor did our own research uncover any such authority. 
 So too did he fail to cite us to authority suggesting or from which one could logically extrapolate that an inmate who is not paid for "work time" or "good time" constitutes wrongfully stored "warehouse goods" obligating the warehouseman to pay for the wrongful storage. Nor did our own research uncover any such authority. 
 Under these circumstances, we cannot say that the trial court erred in concluding that the suit was frivolous. Because the claims asserted by Nunnelley have no arguable basis under the law, the trial court did not abuse its discretion in dismissing them. Nor can we foresee the possibility that Nunnelley can amend his "Petition for Consent Judgment" in such a way so as to create any viable contractual claim. Thus, dismissal with prejudice was appropriate without affording him opportunity to amend. See Fernandez v. T.D.C.J., 341 S.W.3d 6, 16 (Tex. App. - Waco 2010, no pet.) (stating that dismissal with prejudice without first according an opportunity to amend is authorized when the claim has no arguable basis in the law).
 The order of dismissal and final judgment is affirmed.

 Per Curiam