Opinion filed July 23, 2015



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00199-CV

_____

## ROBERT C. MORRIS, Appellant

## V.

## KENNETH N. TARLTON, Appellee

On Appeal from the 29th District Court

Palo Pinto County, Texas

Trial Court Cause No. C45034

## MEMORANDUM OPINION

Appellant, Robert C. Morris, filed suit against Appellee, Kenneth N. Tarlton, alleging claims for "violation of Constitutional Rights, Negligence, Gross Negligence, Breach of fiduciary duty and Legal malpractice." Appearing pro se both at trial and on appeal, Appellant alleges that he retained Appellee to represent him on criminal charges filed against him in Palo Pinto County in September 2000.

Appellant alleges that Appellee did not provide him with effective assistance of counsel in the criminal case.

At the time he filed suit, Appellant was incarcerated at the Stevenson Unit of the Institutional Division of the Texas Department of Criminal Justice located in DeWitt County, Texas. In addition to his "ORIGINAL COMPLAINT," Appellant also filed a "DECLARATION OF INABILITY TO PAY COST." Because this is a suit brought by an inmate in a district court in which the inmate filed an affidavit or unsworn declaration of inability to pay costs, the action is governed by Chapter 14 of the Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM. CODE ANN. § 14.002 (West Supp. 2014).

Upon being served with Appellant's petition, Appellee filed a "MOTION TO DISMISS" pursuant to Section 14.003. CIV. PRAC. & REM. § 14.003 (West 2002). The trial court granted the motion to dismiss without conducting a hearing. Appellant challenges the dismissal in three issues. We affirm.

In his first issue, Appellant asserts that the trial court abused its discretion by failing to conduct a hearing on his "MOTION TO REINSTATE SUIT" that he filed after the trial court entered its order of dismissal. Appellant presented two grounds in his motion to reinstate: (1) that the trial court erred in dismissing the suit without giving Appellant an opportunity to respond to Appellee's motion to dismiss and (2) that Appellee's reliance on the denial of Appellant's habeas corpus application was misplaced as a basis for dismissing Appellant's suit. Appellant essentially raises these grounds in his second and third issues. We will review these contentions in our consideration of his second and third issues.

In his original brief, Appellant asserts that the trial court had a mandatory duty under Rule 165a(3) to conduct a hearing on the motion to reinstate. *See* TEX. R. CIV. P. 165a(3). However, Appellant's motion to reinstate did not reference Rule 165a. Accordingly, Appellant failed to preserve his contention under Rule 165a for

2

appellate review.  *See* TEX. R. APP. P. 33.1.  Furthermore, the procedures set out in Rule 165a(3) for reinstatement only apply when proceedings are dismissed for want of prosecution.  Appellant expressly acknowledges in his reply brief that the trial court did not dismiss the underlying proceeding for want of prosecution.  Accordingly, we overrule Appellant's first issue.

In his second issue, Appellant contends that the trial court violated his due process rights by failing to allow him to respond to Appellee's motion to dismiss before granting the motion and dismissing his suit.  We disagree.  An inmate who brings a claim falling within the scope of Chapter 14 has no right to notice of a motion to dismiss, nor to a mandatory hearing.  *See* CIV. PRAC. & REM. § 14.003(a), (c); *Hamilton v. Williams*, 298 S.W.3d 334, 340 (Tex. App.—Fort Worth 2009, pet. denied); *Nabelek v. Dist. Attorney of Harris Cnty.*, 290 S.W.3d 222, 232 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) ("It is well-settled a trial court is not required to conduct an oral hearing before dismissing a suit under section 14.003."); *Hughes v. Massey*, 65 S.W.3d 743, 745 (Tex. App.—Beaumont 2001, no pet.) (holding that inmate had no right to notice of motion to dismiss or opportunity to amend).  Therefore, the trial court did not err by not giving Appellant an opportunity to respond to Appellee's motion to dismiss or by dismissing Appellant's claims without a hearing.  We overrule Appellant's second issue.

In his third issue, Appellant challenges the merits of the trial court's decision to dismiss his suit.  We review a dismissal under Chapter 14 for an abuse of discretion.  *Hamilton v. Pechacek*, 319 S.W.3d 801, 809 (Tex. App.—Fort Worth 2010, no pet.).  The trial court may dismiss an inmate's claim if it finds the claim to be frivolous or malicious.  CIV. PRAC. & REM. § 14.003(a)(2); *Comeaux v. Tex. Dep't of Criminal Justice*, 193 S.W.3d 83, 86 (Tex. App.—Houston [1st Dist.] 2006, pet. denied).  A claim is frivolous or malicious if it has no basis in law or fact.  *Comeaux*, 193 S.W.3d at 86.  When an inmate's lawsuit is dismissed as frivolous for having no

basis in law or in fact, but no fact hearing is held, our review focuses on whether the inmate's lawsuit has an arguable basis in law. *Scott v. Gallagher*, 209 S.W.3d 262, 266 (Tex. App.—Houston [1st Dist.] 2006, no pet.). A claim has no arguable basis in law if it relies upon an indisputably meritless legal theory. *Id.* at 266–67.

Appellant contends that the trial court abused its discretion by dismissing the suit on the ground that it was substantially similar to his previous post conviction writ of habeas corpus proceedings filed in state court. In his motion to dismiss, Appellee asserted that Appellant's claims in the suit were identical to the claims that he had asserted in state court habeas proceedings that the trial court had previously denied. Appellee supported this contention with a copy of the affidavit he filed in response to Appellant's application for writ of habeas corpus and a copy of the trial court's order denying relief by habeas corpus.

Section 14.003(b)(4) provides that, in determining whether a claim is frivolous, the trial court may consider whether a claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts. CIV. PRAC. & REM. § 14.003(b)(4). Additionally, Section 14.004 requires an inmate filing *in forma pauperis* to file an affidavit relating to previous filings. *Id.* § 14.004. "The purpose of section 14.004 is to curb the constant, often duplicative, inmate litigation, by requiring the inmate to notify the trial court of previous litigation and the outcome." *Clark v. J.W. Estelle Unit*, 23 S.W.3d 420, 422 (Tex. App.—Houston [1st Dist.] 2000, pet. denied). The notice allows the trial court to determine, based on the previous filings, whether the current suit is "substantially similar to a previous claim" making it frivolous. *Id.*

In an effort to comply with Section 14.004, Appellant filed a "DECLARATION RELATING TO PREVIOUS FILINGS" at the same time that he filed the underlying suit. In the declaration, he listed eight civil actions that he had previously filed as a pro se litigant. However, he did not list any habeas proceedings

4

that he had filed or the outcome of those proceedings. *See* CIV. PRAC. & REM. § 14.004(a)(2)(D). Appellant asserts on appeal that he was not required to list habeas proceedings in his listing of previous filings because they are criminal in nature. He additionally asserts that the trial court was not permitted to dismiss his suit based on any similarity between it and his habeas proceedings.

Appellee has clarified in his briefing with this court that he did not cite the state court habeas proceedings in his motion to dismiss in order to obtain a determination that Appellant's claims had already been resolved against Appellant in the habeas proceedings. Instead, Appellee cited the outcome of the state court habeas proceedings in support of his contention under *Peeler v. Hughes & Luce*, 909 S.W.2d 494 (Tex. 1995), that Appellant's legal malpractice claims are barred as a matter of law because Appellant has not been exonerated of the criminal offense for which Appellee represented Appellant. As set forth below, we agree with Appellee's legal contention.

The Texas Supreme Court held in *Peeler* that a plaintiff convicted of a criminal offense cannot sue his attorney for professional malpractice arising from the attorney's representation in the criminal matter that led to his conviction unless he first establishes that he has been "exonerated on direct appeal, through post-conviction relief, or otherwise." *Peeler*, 909 S.W.2d at 495, 498. The court held that, as a matter of law, the plaintiff's own illegal conduct is the sole cause in fact of any injuries flowing from the conviction, unless the conviction has been overturned. *Id.* at 497–98. To allow such claims absent exoneration would impermissibly shift responsibility for the crime and the consequences arising from it away from the plaintiff. *Id.*

In his petition, Appellant asserted that his underlying criminal case was dismissed "during Federal post-conviction proceedings." However, Appellant did not provide the trial court with any documentation from the federal habeas

5

proceedings to support this allegation. In his reply brief, Appellant cited the opinion issued in the federal habeas proceeding. *Morris v. French*, No. 4:10-CV-828-A, 2011 WL 2116986 (N.D. Tex. May 26, 2011). Contrary to his assertion, Appellant was not exonerated of the underlying criminal conviction in the federal habeas proceeding. Instead, Appellant's federal habeas proceeding was dismissed as untimely filed. *Id.* at *1.

The opinion issued in the federal habeas proceeding contains a concise recitation of the factual and procedural history pertaining to Appellant's criminal conviction and his attempts to set it aside. It provides as follows:

> On December 27, 2001, pursuant to a plea agreement, petitioner pleaded guilty to possession of child pornography in Case No. 11,530 in Palo Pinto County, Texas, received a suspended 10-year sentence, and was placed on probation. Petitioner did not directly appeal the judgment of conviction. Thus, the conviction became final thirty days later on January 26, 2002. *See* TEX. R. APP. P. 26.2; *Flanagan v. Johnson*, 154 F.3d 196, 200–02 (5th Cir. 1998). In 2007, petitioner filed a state habeas application challenging the 2001 conviction, which was used to enhance his 2006 federal sentence in this court in *United States v. Morris*, No. 4:06-CR-51-A, for possession of child pornography. The state habeas court denied relief on November 15, 2007. Petitioner appealed the denial, but the Eleventh District Court of Appeals of Texas affirmed the trial court's decision on February 19, 2009, and the Texas Court of Criminal Appeals refused his petition for discretionary review on August 19, 2009. *Ex parte Morris*, State Habeas Appl. No. WR-67,378-01.

(Footnote omitted). As noted previously, Appellant was not exonerated in the federal habeas proceeding despite his assertion to the contrary. Furthermore, the above-quoted recitation of the procedural history of his criminal conviction establishes that he was not exonerated either by direct appeal or in the state habeas proceedings. *See Ex parte Morris*, No. 11-08-00162-CR, 2009 WL 413620 (Tex. App.—Eastland Feb. 19, 2009, pet. ref'd) (mem. op., not designated for publication).

In his reply brief, Appellant asserts that the trial court entered an order on February 8, 2011, that "wiped away" his criminal conviction. Appellee attached a copy of this order to his motion to dismiss. It is titled "EARLY RELEASE AND DISCHARGE FROM COMMUNITY SUPERVISION." It provided in relevant part as follows:

> WHEREAS on the 27th day of December, 2001, Robert Charles Morris was placed on Community Supervision in the above numbered Cause for a term of Ten (10) years, and
>
> WHEREAS on the 8th day of February, 2011, the Court is of the opinion and finds that the Defendant has satisfactorily completed one-third (1/3) of the original Community Supervision period and has fully satisfied all terms and conditions of said Community Supervision, including payment of all funds ordered by the Court, and all hours of community service; therefore, it is hereby
>
> ORDERED, ADJUDGED AND DECREED that:
>
> 1. The Defendant, Robert Charles Morris be hereby discharged from any further supervision by the supervising Community Supervision and Corrections Department;
>
> 2. The proceedings in this Cause are dismissed; and
>
> 3. That pursuant to Article 42.12 of the Texas Code of Criminal Procedure, the Court hereby discharges the Defendant Robert Charles Morris from any further penalties and disabilities resulting from the offense.

Citing *Cuellar v. State*, 70 S.W.3d 815 (Tex. Crim. App. 2002), Appellant contends that the trial court's order exonerated him from the criminal conviction. Appellant's reliance on *Cuellar* is misplaced.

The court recognized in *Cuellar* that there are two types of "discharge" from felony community supervision under Texas Code of Criminal Procedure Article 42.12, section 20. *Cuellar*, 70 S.W.3d at 818; *see* TEX. CODE CRIM. PROC. ANN.

art. 42.12, § 20 (West Supp. 2014). Under the "usual method of discharge," the probationer either satisfactorily completes the entire term of his community supervision or the trial court grants the probationer early release if the "defendant has satisfactorily completed one-third of the original community supervision period or two years of community supervision, whichever is less." *Cuellar*, 70 S.W.3d at 818 (quoting CRIM. PROC. art. 42.12, § 20(a)). Under this method of discharge, the probationer "graduates" from community supervision because he "has paid his debt to society." *Id.* However, the probationer has been convicted of a felony. *Id.* As noted by the court, "[t]he vast majority of felony probation sentences are completed in this matter." *Id.*

"There is, however, a second, less common type of discharge under Article 42.12, § 20." *Id.* "This second type of discharge is not a right but rather is a matter of 'judicial clemency' within the trial court's sole discretion." *Id.* at 818–19.

> [T]he trial judge *may* "set aside the verdict or permit the defendant to withdraw his plea, and shall dismiss the accusation, complaint, information or indictment against the defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted or to which he has pleaded guilty."

*Id.* at 819 (quoting CRIM. PROC. art. 42.12, § 20(a)). "If a judge chooses to exercise this judicial clemency provision, the conviction is wiped away, the indictment dismissed, and the person is free to walk away from the courtroom 'released from all penalties and disabilities' resulting from the conviction." *Id.*

As set forth above, the trial court's order entered on February 8, 2011, simply constituted an early discharge from community supervision under the usual method of discharge described by the court in *Cuellar*. *See id.* at 818. It did not constitute

an exercise of judicial clemency that set aside Appellant's criminal conviction.[1] *See id.* By its express terms, the trial court's order only discharged Appellant "from any *further* penalties and disabilities resulting from the offense" (emphasis added).

The appellate record and reported opinions establish that Appellant has not been exonerated of his criminal conviction either by direct appeal, through habeas relief, or otherwise. As a matter of law, his legal malpractice claims against Appellee have no arguable basis in law under *Peeler*. Accordingly, the trial court did not err in dismissing Appellant's suit. We overrule Appellant's third issue.

*This Court's Ruling*

We affirm the trial court's order dismissing Appellant's claims.


JOHN M. BAILEY
JUSTICE


July 23, 2015

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

---

[1]We express no opinion as to whether or not an exercise of judicial clemency under Article 42.12, section 20 constitutes an "exoneration" under *Peeler*.

9