Opinion issued October 15, 2015.



In The

# Court of Appeals

For The

## First District of Texas

_____

## NO. 01-15-00036-CV

_____

## RUSSELL HAM, Appellant

## V.

## WILLIAM STEPHENS, OLIVER J. BELL, & ROBIN SULLIVAN, Appellees

---

## On Appeal from the 411th District Court
## Polk County, Texas
## Trial Court Case No. CIV28800

---

## MEMORANDUM OPINION

Russell Ham, an inmate at a Texas correctional facility, appeals the trial court's dismissal of his lawsuit "as frivolous" under Chapter 14 of the Civil Practice and Remedies Code. In his sole issue, Ham argues that the trial court should have allowed him thirty days to amend his pleadings. We affirm.

## Background

Russell Ham alleges that during a "shakedown"—a search for contraband during which each inmate must bring all of his possessions to a room for inspection—correctional officer R. Sullivan illegally confiscated some of his property: namely, a Bible, three *Dungeons and Dragons* books, twenty-six other books, some photo albums, and legal papers that included Ham's grandmother's will.

Ham complied with the administrative procedures to complain about a correctional officer's conduct but could only prove ownership of four books. The Texas Department of Criminal Justice found no evidence that Sullivan violated department policies or engaged in misconduct but did replace the four books.

Ham filed this lawsuit alleging causes of action for theft of property and conversion. Because he is an indigent inmate, he brought the suit under Chapter 14 of the Civil Practice and Remedies Code, which provides for inmate litigation "in which an affidavit or unsworn declaration of inability to pay costs is filed by the inmate." TEX. CIV. PRAC. & REM. CODE ANN. § 14.002 (West 2002). This Chapter also provides for summary dismissal of frivolous suits. *Id.* §14.003 (West 2002).

Sullivan filed a motion to dismiss, arguing that this lawsuit is frivolous because (1) Sullivan is entitled to immunity and (2) Ham cannot prove he owned the property Sullivan allegedly stole from him. Two days later, without any notice

that the trial court would consider the matter, the trial court entered a final judgment that dismissed Ham's lawsuit "as frivolous."

Twelve days after the final judgment, Ham moved for leave to file amended pleadings to "add claims [for violations] of Due Process of Law (Procedural), Religious Land Use and [Institutionalized Persons] Act of 2000, and . . . [the] right to worship." In that amended petition, Ham references the motion to dismiss but does not address the arguments in the motion. The trial court did not expressly rule on the motion. Ham appeals the trial court's order dismissing his lawsuit.

### Right to Notice and to Amend the Pleadings

Ham raises a single issue on appeal, arguing that the trial court abused its discretion by dismissing his case without "allowing him 30 days to cure the defects of his pleadings" under the election-of-remedies provision of the Texas Tort Claims Act. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f) (West 2011).

Sullivan responds that the trial court "did not abuse its discretion in dismissing Appellant's suit because section 101.106(f) was not the sole reason for dismissal."

### A.  The trial court dismissed Ham's lawsuit under Chapter 14

Because Ham filed this lawsuit as an indigent inmate, this lawsuit is governed by Chapter 14 of the Civil Practice and Remedies Code. Chapter 14 provides:

(a) A court may dismiss a claim, either before or after service of process, if the court finds that:

. . .

(2) the claim is frivolous or malicious . . . .

(b) In determining whether a claim is frivolous or malicious, the court may consider whether:

(1) the claim's realistic chance of ultimate success is slight;

(2) the claim has no arguable basis in law or in fact;

(3) it is clear that the party cannot prove facts in support of the claim; or

(4) the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts.

TEX. CIV. PRAC. & REM. CODE ANN. § 14.003.

Sullivan argued that dismissal was appropriate because Ham could not support the causes of action he raised in his pleadings: she argued Ham "provided no proof of ownership for any of the . . . items [he] claims were improperly confiscated," "failed to demonstrate a possessory right to the allegedly converted property," and "was not authorized to have the items." Based on these arguments, the trial court dismissed Ham's lawsuit as frivolous under Chapter 14, not under Section 101.106 of the Civil Practices and Remedies Code as Ham argues.[1] Ham does not challenge the merits of this ruling. Rather, he argues that the trial court committed a procedural error by not granting him 30 days to amend his pleadings.

---

[1] Sullivan argued in the alternative that dismissal was proper under the Texas Tort Claims Act election-of-remedies provision but that is not the basis relied on by the trial court to dismiss Ham's lawsuit.

We construe his argument to be that he was entitled to notice and a 30-day opportunity to respond before the trial court ruled. We reject this contention.

## B. Standard of review

The court of appeals reviews a Chapter 14 dismissal for an abuse of discretion. *Hamilton v. Pechacek*, 319 S.W.3d 801, 809 (Tex. App.—Fort Worth 2010, no pet.). The trial court may dismiss an inmate's claim under Chapter 14 if it finds the claim to be frivolous or malicious. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2) (West 2002); *Comeaux v. Tex. Dep't of Criminal Justice*, 193 S.W.3d 83, 86 (Tex. App.—Houston [1st Dist.] 2006, pet. denied). A claim is frivolous if it has no basis in law or fact. *Comeaux*, 193 S.W.3d at 86.

## C. The trial court did not abuse its discretion

"The legislature enacted chapter 14 . . . to control the flood of frivolous lawsuits being filed in Texas courts by prison inmates because these suits consume many valuable judicial resources with little offsetting benefits." *Hamilton*, 319 S.W.3d at 809. A trial court may dismiss a lawsuit without notice to the inmate under Chapter 14. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a) ("court may dismiss a claim . . . before . . . service of process"); *Hamilton v. Williams*, 298 S.W.3d 334, 340 (Tex. App.—Fort Worth 2009, pet. denied) ("an inmate who brings a claim falling within the scope of chapter fourteen has no right to notice of a motion to dismiss, nor to a mandatory hearing"); *Hughes v. Massey*, 65 S.W.3d

743, 745 (Tex. App.—Beaumont 2001, no pet.) ("the inmate had no right to notice of a motion to dismiss or to an opportunity to amend"); *see Bohannan v. Tex. Bd. of Criminal Justice*, 942 S.W.2d 113, 116 (Tex. App.—Austin 1997, writ denied) (holding similar language in Chapter 13 of Civil Practice and Remedies Code provides indigent plaintiffs "no right to notice of a motion to dismiss or to an opportunity to amend"); *Kendrick v. Lynaugh*, 804 S.W.2d 153, 156 (Tex. App.—Houston [14th Dist.] 1990, no writ) (same). Thus, Ham was not entitled to notice before dismissal, and the trial court did not abuse its discretion by dismissing the lawsuit.

In its order dismissing Ham's lawsuit, the trial court does not express whether it dismissed the lawsuit with or without prejudice. Although we cannot locate any authority discussing whether dismissal under Chapter 14 is with prejudice in a dismissal order that is silent on the issue, the default rule under Rule of Civil Procedure 165a assumes that a case is dismissed without prejudice if the order does not explicitly state that dismissal is with prejudice. *See Graves v. Atkins*, No. 01-04-00423-CV, 2006 WL 3751612, at *1, n.1 (Tex. App.—Houston [1st Dist.] Dec. 21, 2006, no pet.) (mem. op.) ("Though not stated expressly in the trial court's order, we presume that the order of dismissal was without prejudice"); *Greenwood v. Tillamook Country Smoker, Inc.*, 857 S.W.2d 654, 656 (Tex. App.—Houston [1st Dist.] 1993, no pet.) ("Because the order does not state the case is

dismissed with prejudice, it is presumed the dismissal is without prejudice . . . ."); *Coleman v. Hughes Blanton, Inc.*, 599 S.W.2d 643, 645 (Tex. App.—Texarkana 1980, no writ) (same). We see no reason that this default rule would not apply equally here. Thus, to the extent Ham complains that he was not given an opportunity to replead, we note that his dismissal is without prejudice.

## Conclusion

We affirm the judgment of the trial court. All pending motions are dismissed as moot.

Harvey Brown
Justice

Panel consists of Justices Jennings, Higley, and Brown.

7