**Opinion filed July 25, 2019**



## In The

# Eleventh Court of Appeals

_____

## No. 11-17-00229-CV

_____

## DAVID WAYNE SMITH, Appellant

## V.

## LINDA GONZALES AND JANIE PEEK, Appellees

**On Appeal from the 32nd District Court**

**Mitchell County, Texas**

**Trial Court Cause No. 16899**

### M E M O R A N D U M   O P I N I O N

David Wayne Smith appeals the trial court's dismissal of his suit against Warden Linda Gonzales and Corrections Officer Janie Peek, both of the Texas Department of Criminal Justice. Appearing pro se and *in forma pauperis*, Appellant challenges the dismissal of his suit by the trial court. We affirm.

*Background Facts*

Appellant is an inmate housed in the Institutional Division of the Texas Department of Criminal Justice. Appellant sued Appellees solely in their official

capacity, asserting alleged violations of the Fifth and Fourteenth Amendments to the U.S. Constitution and alleged violations arising out of Section 39.03 of the Texas Penal Code[1] for refusing to provide Appellant with a copy of the Uniform Commercial Code. Specifically, Appellant stated as follows in the opening paragraph of his petition: "Linda Gonzales Warden, Janie R. Peek Law Library Clerk YOU HAVE BEEN SUED; Both Defendants of the Dick Ware Unit in your official capacity . . . ." Appellant concluded his petition with the following damage claim: "The Plaintiff request [sic] this court to order the Defendant to Pay 25,000 Dollars each in there [sic] official capacity . . . ."

Appellees filed a motion to dismiss, alleging that Appellant's claim was frivolous and that Appellant failed to comply with the procedural prerequisites under Chapter 14 of the Texas Civil Practice and Remedies Code. Appellees asserted that Appellant's claims were barred by sovereign immunity and were, therefore, frivolous. Appellees also alleged that Appellant could not bring a private cause of action under the Texas Penal Code. Finally, Appellees asserted that Appellant did not comply with the procedural requirements of Chapter 14 of the Texas Civil Practice and Remedies Code because he (1) failed to file an affidavit or declaration describing each previously filed lawsuit and (2) failed to exhaust his administrative remedies. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.004–.005 (West 2017). The trial court dismissed Appellant's suit with prejudice.

*Analysis*

In his sole issue, Appellant contends that the trial court abused its discretion by dismissing his suit. Inmate litigation is governed by Chapter 14 of the Texas Civil Practice and Remedies Code. Chapter 14 applies when, as here, an inmate files suit in a district court and files an affidavit of inability to pay costs. CIV. PRAC. &

---

[1]Section 39.03 of the Texas Penal Code sets out the criminal offense of official oppression. TEX. PENAL CODE ANN. § 39.03 (West 2016).

2

REM. § 14.002; *see Leachman v. Dretke*, 261 S.W.3d 297, 303 (Tex. App.—Fort Worth 2008, no pet.). Under Chapter 14, a trial court may dismiss an inmate's lawsuit for failing to comply with the chapter's procedural requirements; it may also dismiss a lawsuit that is malicious or frivolous. CIV. PRAC. & REM. § 14.003; *Scott v. Gallagher*, 209 S.W.3d 262, 265 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

The legislature enacted Chapter 14 to control the flood of frivolous lawsuits being filed in Texas courts by prison inmates because these suits consume many valuable judicial resources with little offsetting benefits. *Hamilton v. Pechacek*, 319 S.W.3d 801, 809 (Tex. App.—Fort Worth 2010, no pet.) (citing *Bishop v. Lawson*, 131 S.W.3d 571, 574 (Tex. App.—Fort Worth 2004, pet. denied)). Under Chapter 14, a trial court may dismiss a claim by an inmate if it finds the claim to be frivolous or malicious. CIV. PRAC. & REM. § 14.003(a)(2); *see Comeaux v. Tex. Dep't of Criminal Justice*, 193 S.W.3d 83, 86 (Tex. App.—Houston [1st Dist.] 2006, pet. denied). A claim is frivolous if it has no basis in law or fact. *Comeaux*, 193 S.W.3d at 86.

We review a Chapter 14 dismissal for an abuse of discretion. *Gross v. Carroll*, 339 S.W.3d 718, 723 (Tex. App.—Houston [1st Dist.] 2011, no pet.). When an inmate's lawsuit is dismissed as frivolous for having no basis in law or in fact but no fact hearing is held, our review focuses on whether the inmate's lawsuit has an arguable basis in law. *Calton v. Schiller*, 498 S.W.3d 247, 253 (Tex. App.—Texarkana 2016, pet. denied). "While a chapter 14 dismissal is reviewed under an abuse of discretion, the issue as to whether a claim has an arguable basis in law is a legal question that we review de novo." *Hamilton*, 319 S.W.3d at 809. "We will affirm the dismissal if it was proper under any legal theory." *Id.* (citing *Johnson v. Lynaugh*, 796 S.W.2d 705, 706–07 (Tex. 1990) (per curiam)). "In conducting our review, we take as true the factual allegations in an inmate's petition and review the types of relief and causes of action set out therein to determine whether, as a matter

of law, the petition stated a cause of action that would authorize relief." *Id.* "A claim has no arguable basis in law if it relies upon an indisputably meritless legal theory." *Id.*

We first note that the Texas Penal Code does not create a private cause of action. *Id.* at 813 (citing *Brown v. De La Cruz*, 156 S.W.3d 560, 567 (Tex. 2004); *Spurlock v. Johnson*, 94 S.W.3d 655, 658 (Tex. App.—San Antonio 2002, no pet.)). Accordingly, Appellant's claims based on Appellees' alleged violation of the Texas Penal Code are frivolous because they lack an arguable basis in law.

As noted previously, Appellant sued Appellees solely in their official capacity. A suit against a state official in his official capacity "is not a suit against the official personally, for the real party in interest is the entity." *Texas A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 844 (Tex. 2007) (quoting *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)). "Such a suit actually seeks to impose liability against the governmental unit rather than on the individual specifically named and 'is, in all respects other than name, . . . a suit against the entity.'" *Id.* (quoting *Graham*, 473 U.S. at 166); *see also Tex. Nat. Res. Conservation Comm'n v. IT–Davy*, 74 S.W.3d 849, 855–56 (Tex. 2002). "Absent legislative waiver, sovereign immunity deprives Texas state courts of subject-matter jurisdiction over any suit against the State or its agencies or subdivisions." *Livingston v. Beeman*, 408 S.W.3d 566, 572 (Tex. App.—Austin 2013), *aff'd*, 468 S.W.3d 534 (Tex. 2015). That same immunity extends to Texas state officials who are sued in their official capacities. *Id.*

Appellant's suit against Appellees is in the nature of a Section 1983 action. 42 U.S.C.A § 1983; *Hamilton*, 319 S.W.3d at 811 ("Section 1983 creates a private right of action for violations of an individual's federally guaranteed rights by those acting under color of state law."). Section 1983 does not abrogate a state's sovereign immunity from suit without the state's consent. *Hamilton*, 311 S.W.3d 811. "When

sued under section 1983 in an official capacity, a suit against a TDCJ official is a suit against the State of Texas and is thus barred by sovereign immunity." *Id.*

Because Appellant sued Appellees solely in their official capacity, the trial court did not abuse its discretion by dismissing with prejudice his claims against Appellees. *See id.* Appellant's claims are frivolous as a matter of law because Appellees enjoy sovereign immunity from suit against Appellant's claims. *See id.* In light of our determination that Appellant's claims are frivolous as a matter of law, we do not reach Appellees' contention that Appellant failed to comply with the procedural requirements of Chapter 14. We overrule Appellant's sole issue.

*This Court's Ruling*

We affirm the order of the trial court.


JOHN M. BAILEY

CHIEF JUSTICE


July 25, 2019

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[2]

Willson, J., not participating.

---

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.