Cleo W. DOWNEY, Relator,

v.

Honorable Pat GREGORY, Judge, Harris County, Probate Court No. Two, Respondent.

No. 01–88–00729–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Sept. 9, 1988.

Paul E. Nunu, Houston, for relator.

Robert E. Hudson, Houston, for respondent.

Before EVANS, C.J., and JACK SMITH and DUGGAN, JJ.

## OPINION

DUGGAN, Justice.

Relator seeks to file a petition for writ of mandamus requiring the Honorable Pat Gregory, Judge of Probate Court No. 2, of Harris County, to vacate a July 1, 1988 final judgment and to refer the case to an alternative dispute resolution procedure. We overrule the motion for leave to file.

In his motion and attached petition for writ of mandamus, relator asserts that the trial court has entered a summary judgment in the proceedings, that an appeal from such judgment is imminent, and that the litigation will "go on indefinitely." Relator states that he has filed a written motion with the trial court seeking to vacate the final judgment and to refer the controversy to an alternative dispute resolution procedure and that the court denied the motion for referral without hearing argument of counsel.

Relator claims that communication between the parties is such that an alternative dispute resolution procedure could be very beneficial and potentially could settle the case.

The Texas Alternative Dispute Resolution Procedures Act (Tex.Civ.Prac. & Rem. Code sec. 154.001 et seq. (Vernon Supp. 1988)), sets forth a comprehensive procedural framework for the use of alternative dispute resolution procedures. The Act establishes a definite state policy to encourage the early settlement of pending litigation through voluntary settlement procedures and places the responsibility for carrying out this procedure on both trial and appellate courts. Tex.Civ.Prac. & Rem.Code secs. 154.002–154.003. Section 154.002 provides:

It is the policy of this state to encourage the peaceable resolution of disputes, with special consideration given to disputes involving the parent-child relationship, including the mediation of issues involving conservatorship, possession, and support of children, and the early settlement of pending litigation through voluntary settlement procedures.

The Act authorizes a party in pending litigation to request that the case be referred to an alternative dispute resolution procedure and contemplates that the court will confer with the parties in making its determination about the referral. Tex.Civ. Prac. & Rem.Code sec. 154.021.

We interpret this new statute as authorizing the referral of a pending dispute to an alternative dispute resolution procedure at any point in the trial or appellate process. The trial court retains authority to refer a case to an alternative dispute resolution procedure as long as it retains plenary jurisdiction over the case. Therefore, in the instant case, we conclude that either the trial court or counsel for any party was authorized to suggest that the case be referred to an alternative dispute resolution procedure.

Although the statute contemplates that the court will confer with counsel before making its determination about the referral, it is not bound in every instance to grant an oral hearing before making its determination. In the exercise of its discretion, the trial court is in the best position to determine the status of the case and whether to hold a formal hearing before making a preliminary decision about the referral of the case. The court may consider, among other factors, the nature of the dispute, the complexity of the issues, the number of parties, the extent of past settlement discussions, the postures of the parties, and whether there has been sufficient discovery to permit an accurate case evaluation. The court may also consider the status of the case on its docket and whether a referral would be appropriate at that particular time.

Here, the court could have determined from the face of the record that, under the circumstances outlined above, the proposed referral would not benefit the court or the parties, and that the requested

referral would tend to delay orderly disposition of the case. We find that the relator has failed to demonstrate a clear abuse of discretion in the trial court's refusal to make the proposed referral.

Relator's motion for leave to file is overruled.