**Opinion filed June 23, 2011**



# In The

# Eleventh Court of Appeals

_____

## No. 11-10-00325-CV
_____

## PHILIP FRANKLIN YOUNG III, Appellant

## V.

## COMMUNITY CHURCH OF P.K. LAKE, Appellee

**On Appeal from the 29th District Court**

**Palo Pinto County, Texas**

**Trial Court Cause No. C43746**

### M E M O R A N D U M   O P I N I O N

This is an appeal from an order dismissing an inmate's pro se civil action. Philip Franklin Young III challenges the dismissal in four issues. We affirm.

*Background Facts*

Philip Franklin Young III is an inmate confined in the Institutional Division of the Texas Department of Criminal Justice. He filed suit against the Community Church of P.K. Lake on July 14, 2010, alleging a claim for damages for loss of documents that he purportedly left with

the church's pastor for safekeeping.[1]  The trial court subsequently entered a sua sponte order on September 8, 2010, dismissing appellant's claims under TEX. CIV. PRAC. & REM. CODE ANN. ch. 14 (Vernon 2002).  The court made the following findings in its order:

> 1.  the Plaintiff has not satisfied the requirements of the TEXAS CIVIL PRACTICE AND REMEDIES CODE §  14.004;

> 2.  the Plaintiff's claims are frivolous because the realistic chance of ultimate success is slight;

> 3.  the Plaintiff's claims are frivolous because the claims have no arguable basis in law or in fact;

> 4.  the Plaintiff's allegation of poverty in the unsworn declaration appears to be false because it does not reflect sources of income and cash in banks referenced in Plaintiff's exhibits.

The order concluded with the following statement:  "It is further ordered that the clerk of the court send a copy of this order to the Texas Department of Criminal Justice to advise it that a mental health evaluation of Philip Franklin Young III (TDCJ ID #1077687) may be appropriate."

*Analysis*

Chapter 14 of the Texas Civil Practice and Remedies Code applies to lawsuits filed by an inmate in district court where the inmate files an affidavit or unsworn declaration of an inability to pay costs.  *See* Section 14.002(a).  The legislature enacted Chapter 14 to control the flood of frivolous lawsuits being filed in Texas courts by prison inmates because these suits consume many valuable judicial resources with little offsetting benefits. *Bishop v. Lawson*, 131 S.W.3d 571, 574 (Tex. App.—Fort Worth 2004, pet. denied); *Thomas v. Knight*, 52 S.W.3d 292, 294 (Tex. App.—Corpus Christi 2001, pet. denied).  Chapter 14 sets forth procedural requirements an inmate must satisfy as a prerequisite to filing suit.  Sections 14.002, 14.004-.006; *see also Lilly v. Northrep*, 100 S.W.3d 335, 336 (Tex. App.—San Antonio 2002, pet. denied).  Even if an inmate satisfies the necessary filing requirements, however, the trial court may dismiss an inmate's claim if it finds the claim to be frivolous or malicious.  Section 14.003; *Comeaux v. Tex. Dep't of Criminal Justice*, 193 S.W.3d 83, 86 (Tex. App.—Houston [1st Dist.] 2006, pet. denied).  A

---

[1]Soon after filing suit, appellant filed a motion to recuse the sitting district judge, Hon. Jerry D. Ray, on the basis that Judge Ray served as the prosecutor in some of his criminal cases.  Judge Ray voluntarily recused himself from the case.  Hon. Jeff Walker, Judge of the 96th District Court and Presiding Judge of the Eighth Administrative Judicial Region, appointed himself as the trial judge in the underlying suit.

claim is frivolous or malicious if it has no basis in law or fact or if its realistic chance of ultimate success is slight. Section 14.003(b)(1)-(2).

We generally review a trial court's dismissal of an inmate's suit under Chapter 14 for abuse of discretion. *See Wilson v. TDCJ-ID*, 268 S.W.3d 756, 758 (Tex. App.—Waco 2008, no pet.); *Bishop*, 131 S.W.3d at 574; *Thompson v. Tex. Dep't of Criminal Justice – Institutional Div.*, 33 S.W.3d 412, 414 (Tex. App.—Houston [1st Dist.] 2000, pet. denied). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles. *Garcia v. Martinez*, 988 S.W.2d 219, 222 (Tex. 1999). When reviewing matters committed to the trial court's discretion, we may not substitute our own judgment for that of the trial court. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992).

Prior to addressing appellant's specific issues, we note that he has not challenged the trial court's determination that he failed to file an affidavit or unsworn declaration pertaining to previous filings required by Section 14.004. Additionally, appellant does not challenge the trial court's determination that his claims are frivolous. These findings serve as independent grounds for sustaining the trial court's judgment. An appellant must attack all independent bases or grounds that fully support a complained-of ruling or judgment. *Britton v. Tex. Dept't of Criminal Justice*, 95 S.W.3d 676, 681 (Tex. App.—Houston [1st Dist.] 2002, no pet.). If an independent ground fully supports the complained-of ruling or judgment, but the appellant assigns no error to that independent ground, we must accept the validity of that unchallenged independent ground; thus, any error in the grounds challenged on appeal is harmless because the unchallenged independent ground fully supports the complained-of ruling or judgment. *Britton*, 95 S.W.3d at 681.

Appellant asserts in his first and third issues that the trial court erred in prematurely dismissing his suit. He contends that the dismissal was premature because the trial court did not appoint an attorney to represent him and that the court acted "without consideration of an evaluation of [appellant's] mental health." We first note that the trial court may dismiss a claim before service of process under Chapter 14 for noncompliance. Section 14.003. We further note that appellant wrote a letter to the court coordinator on the day prior to the entry of the order of dismissal requesting information as to when his various motions would be considered by the trial court. He also requested a trial setting in this letter.

Texas has statutorily provided for appointed counsel in juvenile delinquency cases, in parental termination cases, and in cases in which application for court-ordered mental health services has been made. *See* TEX. FAM. CODE ANN. §§ 51.10, 107.013 (Vernon 2008) and TEX. HEALTH & SAFETY CODE ANN. § 574.003 (Vernon 2010). However, the Texas Supreme Court has "never held that a civil litigant must be represented by counsel in order for a court to carry on its essential, constitutional function." *Gibson v. Tolbert*, 102 S.W.3d 710, 712 (Tex. 2003). A district judge may appoint counsel for an indigent party in a civil case in exceptional instances in which the public interests at stake may be such that the proper administration of justice may be best served by the appointment of counsel. *See* TEX. GOV'T CODE ANN. § 24.016 (Vernon 2004); *Travelers Indem. Co. of Conn. v. Mayfield*, 923 S.W.2d 590, 594 (Tex. 1996). This suit is not of such exceptional character as to require the appointment of counsel, nor has appellant demonstrated that the public and private interests at stake here are such as to require the appointment of counsel. *See Gibson*, 102 S.W.3d at 713. Accordingly, the trial court did not abuse its discretion by dismissing appellant's case without appointing counsel for him.

With respect to appellant's contention that the trial court did not consider his mental health status prior to dismissing the case, the order of dismissal itself reflects that the trial court did in fact take this matter into consideration prior to entering the order of dismissal. Appellant's first and third issues are overruled.

In his second issue, appellant asserts that the trial court erred in determining that his allegation of poverty appeared to be false based upon documents appellant subsequently filed in the case. In this regard, appellant attached a letter indicating that he had as much as $13,000 in bank accounts as recently as June 2008. Accordingly, the trial court had a basis for making its determination. Moreover, any error made by the trial court regarding appellant's financial status is rendered harmless under the authority of *Britton* as a result of appellant's failure to challenge all the grounds relied upon by the trial court in dismissing his case. Appellant's second issue is overruled.

Appellant asserts in his fourth issue that the trial court erred in dismissing his case without referring the matter to alternative dispute resolution. We disagree. TEX. CIV. PRAC. & REM. CODE ANN. § 154.021 (Vernon 2011) provides that "[a] court **may**, on its own motion or the motion of a party, refer a pending dispute for resolution by an alternative dispute resolution procedure" (emphasis added). By its express terms, this statute vests a court with discretion in

4

determining whether or not to refer a case to alternative dispute resolution. Given the failure of the pleadings to comply with the requirements of Chapter 14, the record does not demonstrate a clear abuse of discretion by the trial court in not referring the case to alternative dispute resolution. *See Downey v. Gregory*, 757 S.W.2d 524, 525-26 (Tex. App.—Houston [1st Dist.] 1988, orig. proceeding). Appellant's fourth issue is overruled.

*Pending Motions*

Appellee Community Church of P.K. Lake's Motion to Dismiss Pursuant to TEX. R. APP. P. 42.3 is overruled, and Appellant's Pro Se Counter-Motion to Dismiss Appellee's Motion to Dismiss is dismissed as moot.

*This Court's Ruling*

The judgment of the trial court is affirmed.


PER CURIAM


June 23, 2011

Panel[2] consists of: Wright, C.J.,
McCall, J., and Hill, J.[3]

---

[2]Rick Strange, Justice, resigned effective April 17, 2011. The justice position is vacant pending appointment of a successor by the governor.

[3]John G. Hill, Former Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.