**Opinion filed December 21, 2017**



# In The

# Eleventh Court of Appeals

_____

## No. 11-15-00280-CV
_____

## YAMIL LUCIANO, Appellant

## V.

## FAITH ALANNA LUCIANO, Appellee

**On Appeal from the 318th District Court**
**Midland County, Texas**
**Trial Court Cause No. FM56956**

### M E M O R A D N D U M   O P I N I O N

This is an appeal from a divorce proceeding. After litigating the divorce over the course of two hearings, Appellant's trial counsel advised the trial court that the parties had reached an agreement on all matters with the exception of the calculation of Appellant's child support obligation. Appellant's trial counsel informed the court of the terms of the parties' agreement, which included Appellee being the parent to determine the children's primary residence and Appellant having standard

possession with various modifications. After determining the amount of Appellant's child support payment, the trial court announced that it approved the parties' agreement.

The trial court subsequently entered a final decree of divorce that included the terms of the parties' agreement as announced on the record. While the decree had a place for Appellant to sign indicating that he "approved and consented as to both form and substance," Appellant did not sign the decree. Instead, Appellant timely filed a pro se motion for new trial after the decree was entered. Appearing pro se on appeal, Appellant presents five issues. We affirm.

Appellant asserts in his first issue that the trial court erred in denying his motion for new trial with respect to the ground of newly discovered evidence. Appellant asserts that Appellee instituted a malicious criminal prosecution against him. He contends that the criminal charge negatively affected his bargaining position during the divorce proceedings. The evidence that Appellant asserts was newly discovered was his cell phone, which he asserts was not available at trial because it was in the custody of the district attorney's office. He contends that the cell phone could not have been subpoenaed because it was evidence in an ongoing criminal investigation.

Whether a motion for new trial on the ground of newly discovered evidence will be granted or refused is generally a matter addressed to the sound discretion of the trial judge, and the trial judge's action will not be disturbed on appeal absent an abuse of discretion. *Jackson v. Van Winkle*, 660 S.W.2d 807, 809 (Tex. 1983), *overruled in part on other grounds by Moritz v. Preiss*, 121 S.W.3d 715, 721 (Tex. 2003); *see Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 813 (Tex. 2010) (citing *Dir., State Employees Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 268 (Tex. 1994)). A party seeking a new trial on grounds of newly discovered evidence "must

2

demonstrate to the trial court that (1) the evidence has come to its knowledge since the trial, (2) its failure to discover the evidence sooner was not due to lack of diligence, (3) the evidence is not cumulative, and (4) the evidence is so material it would probably produce a different result if a new trial were granted." *Waffle House*, 313 S.W.3d at 813 (citing *Van Winkle*, 660 S.W.2d at 809).

We note at the outset that no sworn testimony was presented at the hearing on the motion for new trial. Appellant presented argument at the hearing that his cell phone was not available at trial, that it had "all of the evidence in there to state my case for the divorce," and that it was not subject to being subpoenaed for trial. When asked what was on the phone, Appellant responded: "It had all the admissible evidence needed for adultery, malicious prosecution to gain an unfair advantage over custody hearings, perjury, parental agreement established, vindictiveness and restraining order violations granted by this presiding Court." However, Appellant did not offer the actual contents of the phone into evidence. Appellant also stated that he communicated much of this information to his trial counsel but that his trial counsel did not bring it up at trial.

At the hearing on the motion for new trial, the trial court denied Appellant's motion for new trial for multiple reasons—the trial court concluded that the cell phone was not newly discovered evidence, that it was not listed as an evidentiary item in discovery, and that it could have been obtained for trial with a subpoena or a motion to compel its production. Afterwards, the trial court entered findings of fact and conclusions of law noting that Appellant's motion for new trial was not verified and that he presented no evidence to the court concerning his complaint of new evidence.

The record does not show that the trial court abused its discretion in denying Appellant's motion for new trial on the ground of newly discovered evidence. The

reasons listed by the trial court show that the evidence was not newly discovered and that diligence was not used to procure its use at trial. Furthermore, in the absence of a showing of the actual contents of the phone, there was no evidence to establish that the evidence was so material it would have probably produced a different result if a new trial had been granted, particularly in light of the fact that the proceeding ended by agreement. We overrule Appellant's first issue.

Appellant asserts in his second issue that the trial court erred in proceeding to judgment without the parties mediating the case. He contends that Section 154.002 of the Texas Civil Practice and Remedies Code requires mediation in cases involving children. TEX. CIV. PRAC. & REM. CODE ANN. § 154.002 (West 2011). This statute provides as follows: "It is the policy of this state to encourage the peaceable resolution of disputes, with special consideration given to disputes involving the parent-child relationship, including the mediation of issues involving conservatorship, possession, and support of children, and the early settlement of pending litigation through voluntary settlement procedures." He bases his argument that mediation is required in parent-child disputes on the use of the words "special consideration" in the statute. He also contends that the trial court violated its own orders and the applicable local rules requiring cases to be mediated prior to trial.

Statutory interpretation is a matter involving a question of law that we review de novo. *Sw. Royalties, Inc. v. Hegar*, 500 S.W.3d 400, 404 (Tex. 2016). Our fundamental goal when reading a statute "is to ascertain and give effect to the Legislature's intent." *Tex. Mut. Ins. Co. v. Ruttiger*, 381 S.W.3d 430, 452 (Tex. 2012). To do this, we look to and rely on the plain meaning of a statute's words as expressing legislative intent unless a different meaning is supplied, is apparent from the context, or the plain meaning of the words leads to absurd or nonsensical results. *Crosstex Energy Servs., L.P. v. Pro Plus, Inc.*, 430 S.W.3d 384, 389–90 (Tex. 2014).

We disagree with Appellant's contention that mediation is statutorily required in parent-child disputes. The statute that he relies upon is a policy statement enacted in 1987 that "encourages" alternative dispute resolution. *See Downey v. Gregory*, 757 S.W.2d 524, 525–26 (Tex. App.—Houston [1st Dist.] 1988, orig. proceeding). The reference to "special consideration" for disputes involving parent-child relationships is a statement to the effect that alternative dispute resolution is particularly encouraged in the parent-child context. There are specific provisions in the Family Code pertaining to the mediation procedures. Section 6.602(a) provides that "the court may refer a suit for dissolution of a marriage to mediation," and Section 153.0071(c) provides that "the court may refer a suit affecting the parent-child relationship to mediation." TEX. FAM. CODE ANN. § 6.602(a) (West 2006), § 153.0071(c) (West 2014). Use of the term "may" in statutes is usually construed as permissive, while the use of the term "shall" is usually construed as mandatory. *See* TEX. GOV'T CODE ANN. § 311.016(1), (2) (West 2013) ("'[m]ay' creates discretionary authority or grants permission or a power," while "'[s]hall' imposes a duty"). Accordingly, mediation in a dispute involving a parent-child relationship is discretionary rather than mandatory.

The record in this case does not indicate that the trial court abused its discretion in proceeding to judgment without mediation occurring. Appellant's trial counsel sought a continuance at the outset of trial based on the failure of the parties to mediate the case. The trial court noted that the pretrial order requiring mediation was entered approximately four months prior to the date of trial. The trial court also stated that the parties had ample time to complete discovery and conduct a mediation prior to trial. The attorneys noted that mediation had been scheduled on two occasions but that Appellant's attorney had conflicts both times. The trial court denied the motion on the basis that "the trial date is upon us." A trial court's decision

to deny a request for mediation does not constitute an abuse of discretion if the referral would delay the orderly disposition of the case. *See Downey*, 757 S.W.2d at 525–26. We overrule Appellant's second issue.

In his third issue, Appellant presents two complaints. He first alleges that Appellee did not fully disclose an allegation during discovery and that the trial court erred in receiving evidence about the allegation. The allegation that Appellant contends was concealed was the allegation that Appellant exposed his children to pornography. He alleges that this concealment resulted in a violation of his constitutional rights as a parent.

Appellee's attorney cross-examined Appellant at trial about pornography, including whether he was addicted to pornography. Appellant testified that he had pornography on both of his cell phones as of the time of trial. Appellee's attorney also questioned Appellee about the specific allegation. When asked why she was seeking supervised visitation for Appellant, Appellee stated, "Because I believe this weekend the children were exposed to porn while they were with their father."

Significantly, Appellant did not object at trial to any questions concerning his involvement with pornography or whether he had exposed his children to pornography. He also did not inform the trial court during trial of any discovery or pleading deficiency on the part of Appellee. Rule 33.1 of the Texas Rules of Appellate Procedure requires that a party lodge a "timely request, objection, or motion" to present a complaint for appellate review. TEX. R. APP. P. 33.1(a)(1). The rule requires that an objection must be timely asserted at the earliest opportunity or when the potential error becomes apparent. *See Hoxie Implement Co. v. Baker*, 65 S.W.3d 140, 145 (Tex. App.—Amarillo 2001, pet. denied). "The requirement to act timely encompasses not only the objection itself but also all the grounds allegedly supporting it. In other words, both the objection and all legal basis for it must be

6

timely asserted." *Id.* "[I]ncluding the objection and grounds in a motion for new trial does not satisfy the contemporaneous objection rule if the complaint could have been urged earlier." *Id.* (citing *St. Paul Surplus Lines, Co. v. Dal–Worth Tank Co.*, 974 S.W.2d 51, 53 (Tex. 1998)). Thus, Appellant failed to preserve his complaint concerning inadequate disclosure and pleading on the part of Appellee because he failed to object to the evidence at trial on these grounds. The fact that Appellant couches his complaint as a violation of his constitutional rights is of no avail because constitutional complaints are also subject to error preservation rules. *See In re L.M.I.*, 119 S.W.3d 707, 711 (Tex. 2003).

The second part of Appellant's third issue concerns the timeliness of Appellee's written response to Appellant's motion for new trial. Appellant complains that he did not have sufficient time to verify the facts presented in the response, particularly with respect to the scheduling of mediation. We note at the outset that the record on appeal does include Appellee's written response to the motion for new trial. Appellant objected to the response at the outset of the hearing on the motion for new trial. The trial court overruled Appellant's objection. During the course of the hearing, both parties offered documents into evidence concerning the scheduling of mediation. The documents were admitted without objection.

Appellant has not cited any authority, and we have found none, establishing a deadline for filing and serving a written response to a motion for new trial. As noted in 9 *Texas Jurisprudence Pleading and Practice Forms* § 179:6 (2d ed.), "The time for filing a response [to a motion for new trial] is not specified in the Texas Rules of Civil Procedure." While Rule 21 of the Texas Rules of Civil Procedure requires motions to be filed and served a minimum of three days before a hearing, the rule does not appear to contain a general deadline for filing responses to motions. *See Gessmann v. Stephens*, 51 S.W.3d 329, 340 n.7 (Tex. App.—Tyler 2001, no pet.)

7

(expressing doubt that Rule 21 requires responses to be filed and served at least three days prior to a hearing). Furthermore, the record does not show that Appellant suffered any harm from the timing of the service of the response. Accordingly, we overrule Appellant's third issue.

Appellant complains in his fourth issue that he was forced into a "settlement agreement by coercion." He bases this contention on the same alleged procedural deficiencies alleged in his third issue, namely that Appellee did not adequately disclose the pornography allegation by pleading or in discovery. Appellant also asserts that his trial counsel was unwilling to advocate for him at trial. Appellant asserts in his fifth issue that the outcome of the trial was unjust and that the fact-finding process was subverted by attorney negligence and "collusion between the professional class," which we interpret as an allegation of collusion between the attorneys and the trial court.

When a party seeks to set aside a settlement agreement, a reviewing court generally reviews the trial court's decision for an abuse of discretion. *Estate of Matthews III*, 510 S.W.3d 106, 111 (Tex. App.—San Antonio 2016, pet. denied). The record in this appeal does not demonstrate that the trial court abused its discretion by denying Appellant's request to set aside the settlement agreement by granting a new trial. With respect to the alleged procedural deficiencies, we have already noted that neither Appellant nor his attorney made a complaint at trial about a late disclosure on the part of Appellee. Furthermore, Appellee testified that the pornography incident with the children occurred the weekend prior to trial, thereby precluding its disclosure any earlier than a few days prior to trial.

A new trial will not be granted in a civil case on the ground of the negligence or incompetence of the attorney representing the party applying for the new trial. *Scheffer v. Chron*, 560 S.W.2d 419, 420 (Tex. Civ. App.—Beaumont 1977, writ

ref'd n.r.e.) (citing *Petro-Chem. Transp., Inc. v. Carroll*, 514 S.W.2d 240, 246 (Tex. 1974)).  When discussing this matter at the hearing on the motion for new trial, Appellant stated that he was not asserting that his trial counsel was negligent.  Instead, he asserted that a previous attorney was negligent in her representation of him.  The trial court advised Appellant that a previous attorney's representation would not provide a basis for a new trial since that attorney did not represent him at trial.  We agree with the trial court's statement.

Finally, Appellant did not allege coercion or collusion in his motion for new trial, and he did not present these claims at the hearing on the motion for new trial.  Accordingly, Appellant has not preserved these claims for appellate review as required by Rule 33.1.  Furthermore, the record in this appeal does not support his claims of coercion and collusion.  We overrule Appellant's fourth and fifth issues.

## This Court's Ruling

We affirm the judgment of the trial court.


JOHN M. BAILEY
JUSTICE

December 21, 2017

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.